IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| EDWIN ELMER COVENTRY, V, | ) | |
| AIS #209975, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:09-CV-1176-ID |
| | ) | [WO] |
| | ) | |
| SHERIFF WILLIAM E. FRANKLIN, et al., | ) | |
| | ) | |
| Defendants. | ) | |

# RECOMMENDATION OF THE MAGISTRATE JUDGE

## I.  INTRODUCTION

In this 42 U.S.C. § 1983 action, Edwin Elmer Coventry ["Coventry"], a county inmate, challenges actions taken against him in April and May of 2009 during his confinement at the Elmore County Jail.  Specifically, Coventry complains the defendants reviewed and copied his outgoing personal mail.  Coventry further argues the defendants denied him access to the courts.

The defendants filed a special report and supporting evidentiary materials addressing Coventry's claims for relief in which they adamantly deny his allegations.  Specifically, the defendants assert that Coventry has not been denied any of his constitutional rights.  They further maintain Coventry concedes that the instant civil action is a frivolous matter which he no longer seeks to pursue.  *Defendants' Exhibit I (January 26, 2010 Letter of Edwin Coventry) - Court Doc. No. 14-12* at 2-3 ("I am sorry I filed a bogus lawsuit....  I can not

accuse [you all] of something you did not do.  Please tell your lawyers to do what is needed

to do to drop [this] lawsuit....").  In addition, the defendants maintain the complaint is due

to be dismissed because Coventry failed to exhaust the administrative remedy available to

him at the Elmore County Jail with respect to the claims presented in this cause of action.

Pursuant to the orders entered in this case and governing case law, the court deems

it appropriate to treat the defendants' report as a motion for summary judgment.  *Order of*

*April 26, 2010 - Court Doc. No. 15*; *Bryant v. Rich*, 530 F.3d 1368, 1375 (11th Cir. 2008)

(Although an exhaustion defense "is not ordinarily the proper subject for a summary

judgment[,]" the defense is appropriate for summary judgment when the evidence

demonstrates administrative remedies "are absolutely time barred or otherwise clearly

infeasible.").  Thus, this case is now pending on the defendants' motion for summary

judgment.  Upon consideration of this motion and the evidentiary materials filed in support

thereof, the court concludes that the defendants' motion for summary judgment with respect

to the exhaustion defense is due to be granted.

## II.  STANDARD OF REVIEW

"Summary judgment is appropriate 'if the pleadings, depositions, answers to

interrogatories, and admissions on file, together with the affidavits, if any, show there is no

genuine issue as to any material fact and that the moving party is entitled to judgment as

a matter of law.'"  *Greenberg v. BellSouth Telecomm., Inc.*, 498 F.3d 1258, 1263 (11th Cir.

2007) (per curiam) (citation omitted); Fed.R.Civ.P. Rule 56(c) (Summary judgment "should

be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.").[1]  The party moving for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the [record, including pleadings, discovery materials and affidavits], which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  The movant may meet this burden by presenting evidence which would be admissible at trial indicating there is no dispute of material fact or by showing that the nonmoving party has failed to present evidence in support of some element of its case on which it bears the ultimate burden of proof.  *Id.* at 322-324.

The defendants have met their evidentiary burden and demonstrated the absence of a genuine issue of material fact with respect to the plaintiff's failure to exhaust administrative remedies.  Thus, the burden shifts to the plaintiff to establish, with appropriate evidence beyond the pleadings, that a genuine issue material to his exhaustion of the jail's grievance procedure exists.  *Clark v. Coats and Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991); *Celotex*, 477 U.S. at 324; Fed.R.Civ.P. 56(e)(2) ("When a motion for

---

[1]Effective December 1, 2007, "[t]he language of Rule 56 [was] amended ... to make the rule[] more easily understood and to make style and terminology consistent throughout the rules.  These changes ... are stylistic only."  Fed.R.Civ.P. 56 Advisory Committee Notes.  Thus, although Rule 56 underwent stylistic changes, its substance remains the same and, therefore, all cases citing the prior rule remain equally applicable to the current rule.

summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must ... set out specific facts showing a genuine issue for trial.").  A genuine issue of material fact exists when the nonmoving party produces evidence that would allow a reasonable fact-finder to return a verdict in its favor.  *Greenberg*, 498 F.3d at 1263.

To survive the defendants' properly supported motion for summary judgment, Coventry is required to produce "sufficient [favorable] evidence" establishing proper exhaustion of the requisite administrative remedy.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).  "If the evidence [on which the nonmoving party relies] is merely colorable ... or is not significantly probative ... summary judgment may be granted."  *Id*. at 249-250.  "A mere 'scintilla' of evidence supporting the opposing party's position will not suffice; there must be enough of a showing that the [trier of fact] could reasonably find for that party.  *Anderson v. Liberty Lobby*, 477 U.S. 242, 106 S.Ct. 2505, 2512, 91 L.Ed.2d 202 (1986)."  *Walker v. Darby*, 911 F.2d 1573, 1576-1577 (11th Cir. 1990).  Conclusory allegations based on subjective beliefs are likewise insufficient to create a genuine issue of material fact and, therefore, do not suffice to oppose a motion for summary judgment.  *Waddell v. Valley Forge Medical Associates, Inc.*, 276 F.3d 1275, 1279 (11th Cir. 2001); *Holifield v. Reno*, 115 F.3d 1555, 1564 n.6 (11th Cir. 1997) (plaintiff's "conclusory assertions ..., in the absence of [admissible] supporting evidence, are insufficient to withstand summary judgment."); *Harris v. Ostrout*, 65 F.3d 912, 916 (11th Cir. 1995) (grant

4

of summary judgment appropriate where inmate produces nothing beyond "his own conclusory allegations...."); *Fullman v. Graddick*, 739 F.2d 553, 557 (11th Cir. 1984) ("mere verification of party's own conclusory allegations is not sufficient to oppose summary judgment....").  Hence, when a plaintiff fails to set forth specific facts supported by appropriate evidence sufficient to establish the existence of an element essential to his case and on which the plaintiff will bear the burden of proof at trial, summary judgment is due to be granted in favor of the moving party.  *Celotex*, 477 U.S. at 322 ("[F]ailure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial."); *Barnes v. Southwest Forest Industries, Inc.*, 814 F.2d 607, 609 (11th Cir. 1987) (if on any part of the prima facie case the plaintiff presents insufficient evidence to require submission of the case to the trier of fact, granting of summary judgment is appropriate).

For summary judgment purposes, only disputes involving material facts are relevant. *United States v. One Piece of Real Property Located at 5800 SW 74th Avenue, Miami, Florida*, 363 F.3d 1099, 1101 (11th Cir. 2004).  What is material is determined by the substantive law applicable to the case.  *Anderson*, 477 U.S. at 248; *Lofton v. Secretary of the Department of Children and Family Services*, 358 F.3d 804, 809 (11th Cir. 2004) ("Only factual disputes that are material under the substantive law governing the case will preclude entry of summary judgment.").  "The mere existence of some factual dispute will not defeat summary judgment unless that factual dispute is material to an issue affecting the outcome

of the case." *McCormick v. City of Fort Lauderdale*, 333 F.3d 1234, 1243 (11th Cir. 2003) (citation omitted).  To demonstrate a genuine issue of material fact, the party opposing summary judgment "must do more than simply show that there is some metaphysical doubt as to the material facts....  Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'"  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp*., 475 U.S. 574, 587 (1986).  In cases where the evidence before the court which is admissible on its face or which can be reduced to admissible form indicates that there is no genuine issue of material fact and that the party moving for summary judgment is entitled to it as a matter of law, summary judgment is proper.  *Celotex*, 477 U.S. at 323-324 (summary judgment appropriate where pleadings, evidentiary materials and affidavits before the court show there is no genuine issue as to a requisite material fact); *Waddell*, 276 F.3d at 1279 (to establish a genuine issue of material fact, the nonmoving party must produce evidence such that a reasonable trier of fact could return a verdict in his favor).

Although factual inferences must be viewed in a light most favorable to the nonmoving party and *pro se* complaints are entitled to liberal interpretation by the courts, a *pro se* litigant does not escape the burden of establishing by sufficient evidence a genuine issue of material fact.  *Beard v. Banks*, 548 U.S. 521, 529-530, 126 S.Ct. 2572, 2578, 165 L.Ed.2d 697 (2006); *Brown v. Crawford*, 906 F.2d 667, 670 (11th Cir. 1990).  Thus, the plaintiff's *pro se* status alone does not mandate this court's disregard of elementary

principles of production and proof in a civil case.  In this case, Coventry fails to demonstrate a requisite genuine issue of material fact in order to preclude summary judgment based on his failure to exhaust a previously available administrative remedy. *Matsushita*, *supra*.

## III.  DISCUSSION

Coventry challenges the constitutionality of actions taken against him during his confinement in the Elmore County Jail.  In response to the complaint, the defendants maintain this case is subject to dismissal because Coventry failed to exhaust the administrative remedy provided at the Elmore County Jail prior to filing this complaint as required by the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a).

The Prison Litigation Reform Act compels exhaustion of available administrative remedies before a prisoner can seek relief in federal court on a § 1983 complaint. Specifically, 42 U.S.C. § 1997e(a) states that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  "Congress has provided in § 1997(e)(a) that an inmate must exhaust irrespective of the forms of relief sought and offered through administrative remedies."  *Booth v. Churner*, 532 U.S. 731, 741 n.6 (2001).  "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other

wrong."  *Porter v. Nussle*, 534 U.S. 516, 532 (2002).   Exhaustion of all available administrative remedies is a precondition to litigation and a federal court cannot waive the exhaustion requirement.  *Booth*, 532 U.S. at 741; *Alexander v. Hawk*, 159 F.3d 1321, 1325 (11th Cir. 1998); *Woodford v. Ngo*, 548 U.S. 81, 126 S.Ct. 2378 (2006).  Moreover, "the PLRA exhaustion requirement requires ***proper exhaustion***."  *Woodford*, 548 U.S. at 93, 126 S.Ct. at 2387 (emphasis added).  "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules [as a precondition to filing suit in federal court] because no adjudicative system can function effectively without imposing some orderly structure on the courts of its proceedings....  Construing § 1997e(a) to require proper exhaustion ... fits with the general scheme of the PLRA, whereas [a contrary] interpretation [allowing an inmate to bring suit in federal court once administrative remedies are no longer available] would turn that provision into a largely useless appendage."  548 U.S. at 90-91, 93, 126 S.Ct. at 2386-2387.  The Court reasoned that because proper exhaustion of administrative remedies is necessary an inmate cannot "satisfy the Prison Litigation Reform Act's exhaustion requirement ... by filing an untimely or otherwise procedurally defective administrative grievance or appeal[,]" or by effectively bypassing the administrative process simply by waiting until the grievance procedure is no longer available to her.  548 U.S. at 83-84, 126 S.Ct. at 2382; *Johnson v. Meadows*, 418 F.3d 1152, 1157 (11th Cir. 2005) (inmate who files an untimely grievance or simply spurns the administrative process until it is no longer available fails to satisfy the exhaustion

8

requirement of the PLRA).

The record in this case is undisputed that the Elmore County Jail provides a grievance procedure for inmate complaints. The court has thoroughly reviewed the evidentiary materials filed by the defendants. These materials demonstrate that Coventry failed to file any grievances regarding the actions about which he complains in the instant complaint. Coventry does not dispute his failure to exhaust the administrative remedy available to inmates confined in the Elmore County Jail prior to filing this case. The court therefore concludes that the claims presented in this cause of action are subject to dismissal as the plaintiff failed to exhaust the administrative remedy available to him properly, which is a precondition to proceeding in this court on his claims. *Ngo*, 548 U.S. at 87-94, 126 S.Ct. at 2384-2388.

The time limitations applicable to filing grievances with respect to the claims made the basis of this complaint have long since expired. *Defendants' Exhibit A (Affidavit of Jail Administrator Jeff Fox) - Court Doc. No. 14-1* at 4 ("The inmate handbook [provided to Coventry upon his entry into the Elmore County Jail] states that an inmate may report a grievance ... within fourteen (14) days of the incident complained of."). Thus, the administrative remedy provided by the defendants with respect to the claims made the basis of the instant complaint are no longer available to Coventry. Under such circumstances, dismissal with prejudice is appropriate. *Bryant*, 530 F.3d at 1375 n.1; *Johnson*, 418 F.3d at 1157; *Marsh v. Jones*, 53 F.3d 707, 710 (5th Cir. 1995) ("Without the prospect of a

dismissal with prejudice, a prisoner could evade the exhaustion requirement by filing no administrative grievance or by intentionally filing an untimely one, thereby foreclosing administrative remedies and gaining access to a federal forum without exhausting administrative remedies."); *Berry v. Keirk*, 366 F.3d 85, 88 (2nd Cir. 2004) (footnotes omitted) (Inmate's "federal lawsuits ... properly dismissed with prejudice" where previously available administrative remedies had become unavailable and no circumstances justified the failure to exhaust.).

## IV. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. The defendants' motion for summary judgment be GRANTED to the extent the defendants seek dismissal of this case due to the plaintiff's failure to properly exhaust administrative remedies previously available to him at the Elmore County Jail.

2. This case be dismissed with prejudice in accordance with the provisions of 42 U.S.C. § 1997e(a) for the plaintiff's failure to properly exhaust administrative remedies previously available to him at the Elmore County Jail.

It is further

ORDERED that on or before June 30, 2010 the parties may file objections to the Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised

that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal those factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done, this 16th day of June, 2010.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
CHIEF UNITED STATES MAGISTRATE JUDGE

11